# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

**No. 95-40606**
**Summary Calendar**

---

**YVONNE E. SMITH-DORSEY,**

**Plaintiff-Appellee,**

**VERSUS**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CV-202)
March 5, 1996

---

Before DAVIS, BARKSDALE, AND DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant Texas Department of Criminal Justice (TDCJ) appeals from a jury verdict entered against it in favor of Plaintiff Yvonne E. Smith-Dorsey (Dorsey) in this Americans with Disabilities Act case. Finding that the evidence was sufficient to support the verdict, we affirm the judgment of the district court.

Dorsey was a medical records librarian at TDCJ's Beto II Unit at Tennessee Colony, Texas, from 1987 until she was terminated in August 1992. Dorsey hurt her right arm on the job in July 1991 and TDCJ gave her a medical leave of absence in August 1991. In March 1992, her physician released her to work with the following restrictions: "Release to light work category. Limited in

---

*Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

repetitive upper extremity activities. Twenty pounds occasionally, ten pounds frequently." Dorsey tried to come back to work with those restrictions; however, she was told that she could not return until she had a full medical release.

Each month thereafter, Dorsey submitted a leave application, requesting to return to work. TDCJ would not allow her back though, because she still had the light work restriction. TDCJ's requirement that employees working in prison units obtain a full medical release was defined by Personnel Directive 51 and by a well-known but unwritten policy. TDCJ also has a policy that requires all employees to return to work within 12 months of beginning medical leave, or be discharged. Finally, in August 1992, Dorsey still had not received a full medical release, so she was fired.

In March 1994, Dorsey sued the TDCJ under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. In January 1995, the case was tried to a jury, which found in favor of Dorsey, awarding her $26,556. TDCJ moved for judgment as a matter of law and an alternative motion for new trial, but those motions were denied. TDCJ appeals the denial of those motions.

According to TDCJ's position description, the essential functions of Dorsey's medical librarian job were:

> A.      Retrieves charts for all authorized users and refiles charts after use.
>
> B.      Maintains proper chart order and assures a good physical condition of the health record.
>
> C.      Receives and files lab reports, x-ray reports, and special reports into the health record.
>
> D.      Assists designated personnel with inmate medical information.

No lifting, reaching, carrying or other physical ability requirements are listed in the minimum qualifications section of the position description. TDCJ does not contest that Dorsey could perform essential functions B, C and D; the only dispute was whether she could perform essential function A, pulling and refiling charts.

2

Dorsey testified that she could pull and refile charts, even with her injured arm. She testified that the charts were not heavy, because a new one was started when the old folder grew to about two inches thick. While she could not raise her right arm above her head, Dorsey testified that she could still do the job by using her left arm and standing on a stool that was already available. The job required upper extremity use; however, there was testimony that the job did not require *repetitive* upper extremity activity. Dorsey testified that, as of March 1992 and July 1992, she could do the job "day-in-day-out."

TDCJ made no effort to determine whether Dorsey was able to perform the essential functions of the job, with or without accommodation. TDCJ never tested Dorsey or allowed her back to work for a probationary period. Instead, TDCJ relied on its rule that all prison employees had to have a full medical release. A TDCJ official testified that as long as Dorsey had any medical restrictions, it did not matter whether she could perform the job.

Based on this evidence, a rational juror could have found that TDCJ discriminated against Dorsey in refusing to allow her back to work without an unconditional medical release. *Fields v. J.C. Penney Co., Inc.*, 968, F.2d 533, 536 (5th Cir. 1992); *Boeing v. Shipman*, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc). Therefore, the judgment of the district court is AFFIRMED.